# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL FRIEDMAN, individually, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>QUEST ENERGY PARTNERS LP, et al., )<br><br>Defendants. ) | Case No. CIV-08-936-M |
| JAMES JENTS, individually, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>QUEST RESOURCE CORPORATION, et al., )<br><br>Defendants. ) | Case No. CIV-08-968-M |

## ORDER

Before the Court are "Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay," filed October 13, 2009, and "Quest Resource Lead Plaintiffs' Motion and Memorandum for Partial Modification of the PSLRA Discovery Stay, and Joinder in Quest Energy Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay," filed October 14, 2009. On November 2, 2009, defendants Quest Resource Corporation, John Garrison, Quest Energy Partners L.P., and Quest Energy GP LLC filed their responses. On November 12, 2009, Quest Energy Lead Plaintiffs filed their reply, and on November 13, 2009, Quest Resource Lead Plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

## I. Background

Defendant Quest Resource Corporation ("Quest Resource") is engaged in the exploration, development, production and transportation of natural gas. Quest Resource divides its operations into two reportable business segments: (1) gas and oil production, and (2) natural gas pipelines – transporting, selling, gathering, treating and processing natural gas. Defendant Quest Energy Partners, L.P. ("QELP") is the oil and gas production operation arm of its parent, Quest Resource.

On August 25, 2008, Quest Resource received an inquiry from the Oklahoma Department of Securities ("ODS") regarding certain questionable transfers of Quest Resource and QELP funds to entities controlled by defendant Jerry Cash ("Cash"), the companies' CEO. On that same day, the companies announced that Cash had resigned following this inquiry by the ODS and that they had constituted a special committee to conduct an internal investigation. This announcement shocked the market and caused QELP stock and Quest Resource stock to fall substantially. The Quest companies' internal investigation revealed that in 2004, Cash began transferring, repaying, and retransferring funds from Quest Resource and QELP, which in the aggregate totaled approximately $10 million, an amount he could not repay. The internal investigation also revealed that Grose aided Cash in the unauthorized transfers, misappropriated approximately $1 million for his own personal benefit and use, and received kickbacks from Quest Resource and QELP suppliers totaling approximately $850,000.

Quest Resource and QELP filed suit against both Cash and Grose seeking damages for the amounts each misappropriated from the entities. On May 19, 2009, Quest Resource and QELP settled the lawsuit against Cash. In the settlement, Quest Resource received the net proceeds on the sale of Cash's residence, $2.4 million, and a 60% interest in a Louisiana gas well and landfill gas

development; QELP received all of Cash's stock in a corporation that owns certain oil producing properties in Oklahoma, as well as other assets.[1]

Additionally, following its inquiry, on August 29, 2008, the ODS filed a Petition for Injunction and Other Equitable Relief against Cash in the District Court of Oklahoma County, State of Oklahoma. On August 20, 2009, the state court issued a Judgment and Permanent Injunction whereby Cash was prohibited from acting as an officer, director or issuer of any business located in the State of Oklahoma. Cash was furthered ordered to pay a civil penalty in the amount of $10,000.00. Further, on February 25, 2009, the ODS filed a Petition for Injunction and Other Equitable Relief against Grose in the District Court of Oklahoma County, State of Oklahoma. As of June 9, 2009, the case had been ordered to mediation.

On June 16, 2009, the United States Attorney indicted Grose for wire fraud, and on June 17, 2009, the Securities and Exchange Commission ("SEC") filed a civil action against Cash and Grose for alleged violations of the anti-fraud provisions of the Securities Act of 1933 and the anti-fraud, internal controls, proxy statement, record-keeping and reporting provisions of the Securities Exchange Act of 1934.

Finally, the instant class action lawsuits have been brought on behalf of the purchasers of the partnership units of QELP, which were sold in an initial public offering commencing on November 7, 2007 through August 25, 2008, and the purchasers of Quest Resource stock from May 2, 2005 through August 25, 2008, seeking to recover damages caused by alleged violations of federal securities laws. Lead plaintiffs for both the Quest Resource class and the QELP class now move this

---

[1]While the total value of the assets received is less than the amount of the unauthorized transfers and the cost of the internal investigation, Cash certified that it comprises all of his net worth.

Court to modify the discovery stay in this case to permit them to obtain documents and materials furnished, or to be furnished, by defendants to the SEC, to the ODS, to the United States Attorney's office in Oklahoma City, Oklahoma, and to Quest Resource, QELP, and Quest Midstream Partners, L.P.

II.  Discussion

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides, in pertinent part:

> In any private cause of action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).[2]

> The legislative history of the PSLRA indicates that Congress enacted the discovery stay in order to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either that corporate defendants will settle those actions rather than bear the high cost of discovery, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint.

*In re Worldcom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002).

As set forth above, the PSLRA provides an exception to the mandatory stay when particularized discovery is necessary to prevent undue prejudice to that party.[3] "There is no categorical exception to the stay pertaining to discovery of documents that have been provided to

---

[2] Although defendants have not yet filed their motions to dismiss, the Court is aware of defendants' intent to do so by the deadline that has been established by the Court. In such an instance, the Court finds that the PSLRA's discovery stay provision applies. The Court must, therefore, decide whether an exception exists that would allow the lifting of the discovery stay.

[3] The PSLRA provides a second exception to the discovery stay when particularized discovery is necessary to preserve evidence. Lead plaintiffs do not contend that this exception applies in this case as there is no concern regarding the preservation of evidence.

regulatory authorities." *In re Spectranetics Corp. Sec. Litig.*, Civil Action Nos. 08-cv-02048-REB-KLM, 08-cv-02055-CMA-CBS, 08-cv-02078-MSK-BNB, 08-cv-02267-MSK-CBS, 08-cv-02420-PAB, 08-cv-02603-MSK-BNB, 2009 WL 3346611, at *4 (D. Colo. Oct. 14, 2009). Thus, to lift the discovery stay in this case, lead plaintiffs must show that the particularized discovery they are requesting is necessary to prevent undue prejudice to them.

> "Undue prejudice" has been defined as "improper or unfair treatment" amounting to something less than irreparable harm. Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be "undue" prejudice because it is prejudice which is neither improper nor unfair. Undue prejudice has been found where defendants might be shielded from liability in the absence of the requested discovery.

*Sarantakis v. Frank Dominic Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002) (internal quotations and citations omitted). "Forcing the plaintiff to wait until its complaint has been legally tested before it can conduct discovery is not *unduly* prejudicial for PSLRA's purposes." *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *4 (citing *In re Sunrise Senior Living, Inc. Derivative Litig.*, 584 F. Supp. 2d 14, 18 (D.D.C. 2008)) (emphasis in original). A plaintiff claiming undue prejudice must show circumstances specific to his case and can not simply make conclusory allegations about being disadvantaged in relation to other parties. *Id.* Additionally, "[m]ere speculation about highly contingent possibilities of future prejudice does not demonstrate that lifting the stay is 'necessary . . . to prevent undue prejudice,' 15 U.S.C. § 78u-4(b)(3)(B), that would otherwise result." *In re Refco, Inc. Sec. Litig.*, No. 05 Civ. 8626(GEL), 2006 WL 2337212 (S.D.N.Y. Aug. 8, 2006).

Lead plaintiffs assert that their discovery request is limited, particularized, and necessary to prevent undue prejudice. Specifically, lead plaintiffs assert that without the requested discovery

5

they may suffer undue prejudice by being placed at a strategic disadvantage in comparison to other parties and that absent relief from the stay, lead plaintiffs will be the only player without the ability to develop its litigation strategy in a shifting legal landscape. Additionally, lead plaintiffs state that they face the danger that as the other civil and criminal proceedings advance, defendants may distribute finite sources of recovery to other parties to the exclusion of lead plaintiffs. Further, lead plaintiffs contend that the Quest companies' future as going concerns is in no way guaranteed and that a bankruptcy filing is possible. Finally, lead plaintiffs assert there is a risk that the Quest companies' limited resources may be used to indemnify Cash, Grose, and other individuals, or at least the risk of costly and protracted litigation between the companies and Cash, Grose, and others on the issue of indemnification.

Having carefully reviewed the parties' submissions, the Court finds that lead plaintiffs have not shown that they will suffer undue prejudice if the discovery stay is not lifted.[4] Lead plaintiffs have articulated concerns that demonstrate that they are prejudiced by the stay, but the Court finds that they have not demonstrated that such prejudice is <u>undue</u> under the PSLRA. The Court finds that lead plaintiffs have failed to demonstrate that their chances of recovery will be diminished if they are not allowed to proceed with the limited discovery requested. The Court also finds that while lead plaintiffs raise the issue of defendants' financial solvency, lead plaintiffs' statements are nothing more than mere speculation about highly contingent possibilities of future prejudice which does not demonstrate that lifting the stay is necessary. Further, the Court finds that other pending actions pose no threat to lead plaintiffs' potential to recover from the Quest companies because the

---

[4]Because the Court finds that there is no undue prejudice, there is no need for the Court to determine whether lead plaintiffs' discovery request is sufficiently particularized.

6

actions brought by the SEC, the ODS, and the United States Attorney involve only some of the individual defendants.

Additionally, the Court finds that the prejudice lead plaintiffs contend they will suffer is no different than the type or degree of prejudice inherent in all stays of discovery and is the same kind of prejudice which was contemplated by Congress when it enacted the PSLRA. As stated in *In re Refco, Inc.*:

> Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered. Under the PSLRA, discovery in this action has been stayed. That stay does not apply to government investigations, bankruptcy proceedings, internal investigations, or non-PSLRA actions. The discrepancy between PSLRA actions and other actions is not evidence of undue prejudice, but rather is evidence of Congress's judgment that PSLRA actions should be treated differently than other actions. This Court may not second-guess that judgment.

*In re Refco, Inc.*, 2006 WL 2337212, at *2.

Finally, lead plaintiffs assert that the stay should be lifted because defendant will not suffer an undue burden and because lifting the stay would comport with the legislative policy of the PSLRA. However, lifting the discovery stay in reliance only upon a showing of minimal burden to defendants and/or based upon the general policies behind the PSLRA circumvents the clear requirements of the discovery stay and its limited exceptions. *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at * 9. The Court, therefore, finds that because lead plaintiffs have not shown that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to them, the statutory requirements of the exceptions to the PSLRA discovery stay, lead plaintiffs' motions for a partial modification of the PSLRA discovery stay should be denied.

7

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES "Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay" [docket no. 104 in case no. CIV-08-936-M] and Quest Resource Lead Plaintiffs' Motion for Partial Modification of the PSLRA Discovery Stay [docket no. 106 in case no. CIV-08-936-M].

**IT IS SO ORDERED this 15th day of December, 2009.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE