# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL FRIEDMAN, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>QUEST ENERGY PARTNERS LP; QUEST )<br>ENERGY GP LLC; QUEST RESOURCE )<br>CORPORATION; JERRY D. CASH; DAVID E. )<br>GROSE; DAVID C. LAWLER, GARY )<br>PITTMAN; MARK STANSBERRY; )<br>MURRELL, HALL, McINTOSH & CO. PLLP; )<br>and EIDE BAILLY LLP,  )<br>)<br>Defendants.  ) | CASE NO. CIV-08-936-M |
| JAMES JENTS, individually and on behalf of all )<br>others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>QUEST RESOURCE CORPORATION, JERRY )<br>CASH, DAVID E. GROSE, and JOHN )<br>GARRISON,  )<br>)<br>Defendants.  ) | CASE NO. CIV-08-968-M |

| | |
|---|---|
| J. STEVEN EMERSON; EMERSON PARTNERS; J. STEVEN EMERSON ROTH IRA; J. STEVEN EMERSON IRA RO II; and EMERSON FAMILY FOUNDATION )<br>)<br>)<br>)<br>)<br>     Plaintiffs,       )<br>)<br>vs.                                     )<br>)<br>QUEST RESOURCE CORPORATION, INC.; )<br>QUEST ENERGY PARTNERS LP; JERRY    )<br>CASH; DAVID E. GROSE; and JOHN     )<br>GARRISON,                          )<br>)<br>     Defendants.      ) | CASE NO. CIV-09-1226-M |
| BRISTOL CAPITAL ADVISORS; and BRISTOL INVESTMENT FUND, LTD., )<br>)<br>)<br>     Plaintiffs,       )<br>)<br>vs.                                     )<br>)<br>QUEST RESOURCE CORPORATION, INC.; )<br>JERRY CASH; DAVID E. GROSE; and JOHN )<br>GARRISON,                          )<br>)<br>     Defendants             ) | CASE NO. CIV-09-932-M |

| | | |
|---|---|---|
| JAMES STEPHENS and LUKE RENKEN, derivatively on behalf of Nominal Defendants Quest Energy Partners, LP and Quest Resource Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. CIV-08-1025-M |
| GARY PITTMAN; JERRY D. CASH, MARK STANSBERRY; DAVID C. LAWLER; DAVID E. GROSE; JAMES B. KITE; JON H. RATEAU; BOB G. ALEXANDER; WILLIAM H. DAMON III; JOHN C. GARRISON; N. MALONE MITCHELL III, BRYAN SIMMONS; J. PHILLIP McCORMICK; DOUGLAS BRENT MUELLER; MURRELL, HALL MCINTOSH & CO., PLLP; EIDE BAILLY, LLP, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| QUEST ENERGY PARTNERS, LP and QUEST RESOURCE CORPORATION, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

| | |
|---|---|
| WILLIAM DEAN ENDERS, Derivatively on Behalf of QUEST ENERGY PARTNERS, L.P., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JERRY D. CASH, DAVID E. GROSE, DAVID C. LAWLER, GARY PITTMAN, MARK STANSBERRY, J. PHILLIP McCORMICK, DOUGLAS BRENT MUELLER, MID CONTINENT PIPE & EQUIPMENT, LLC, RELIABLE PIPE & EQUIPMENT, LLC, RHB GLOBAL, LLC, RHB, INC., RODGER H. BROOKS, MURRELL, HALL, MCINTOSH & CO. PLLP, EIDE BAILLY LLP, | ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| QUEST ENERGY PARTNERS, L.P., | ) |
| Nominal Defendant. | |

CASE NO.: CIV-09-752-M

## **ORDER AND FINAL JUDGMENT**

All capitalized terms used herein, not specifically defined herein, have the meanings set forth in the Stipulation of Settlement.

On November 29, 2010, following Notice to all parties and Notice to the Class Members as described herein, a Final Hearing was held before this Court to consider: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Settlement Approval Motion"); (2) Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses to Plaintiffs' Counsel and an Incentive Fee Award for Plaintiffs' reasonable, out-of-pocket expenses ("Fees and Costs Application"); and (3) Objections filed by Class Members.

1. Pursuant to those Motions, the Court must:

    a. determine whether the terms and conditions of the Stipulation of Settlement dated July 9, 2010 are fair, reasonable and adequate for the settlement of all Released Claims, including the release of Plaintiffs, Class Members, and Defendants, and should be approved;

    b. determine whether judgment should be entered dismissing the complaints filed in the *Stephens* Litigation, *Enders* Litigation, *Bristol Capital* Litigation, *Emerson* Litigation, *Friedman* Litigation, and *Jents* Litigation (collectively, the "Actions") on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Members of the Class herein who have not validly requested exclusion therefrom;

        c.      determine whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Authorized Claimants;

        d.      determine whether and in what amount to approve the Fees and Costs Application; and

        e.      determine whether Class Members' Objections, if any, have merit.

    2.    The Court has considered all matters submitted to it at the hearing and otherwise. It appears that a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who suffered damage as a result of their purchases of Quest Resource stock between May 2, 2005 and August 25, 2008 or Quest Energy partnership units between November 7, 2007 and August 24, 2008, and that a Summary Notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* pursuant to the specifications of the Court and was also disseminated over the *PR Newswire*. The Court has considered and determined the fairness and reasonableness of the Settlement, the Plan of Allocation, the Fees and Costs Application, and has considered all Objections of Class Members.

    NOW, THEREFORE, IT IS HEREBY ORDERED that

    3.    The Court has jurisdiction over the subject matter of the Actions, the Plaintiffs, all Class Members, and the Defendants.

**Class Certification, Lead Plaintiff, and Class Counsel**

    4.    Pursuant to Fed. R. Civ. P. 23(b)(2), the Court previously certified, for purposes of effectuating this Settlement, two Classes: (1) a Class comprised of all

purchasers of Quest Resource stock between May 2, 2005 and August 25, 2008 ("QRC Class"), and (2) a Class comprised of purchasers of Quest Energy partnership units between November 7, 2007 and August 24, 2008 ("QELP Class"). Excluded from the Classes are the Defendants, officers and directors of Quest, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any of the Defendants or excluded persons have or had a controlling interest. Plaintiffs in the *Bristol Capital* Litigation and the *Emerson* Litigation are not part of the Classes.

5. With respect to the QRC Class and the QELP Class (together, the "Classes"), this Court expressly found and concluded that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied as: i) the members of the Classes are so numerous that joinder of all Class Members in the *Friedman* Litigation or the *Jents* Litigation is impracticable, ii) there are questions of law and fact common to the Classes; iii) the claims of the Lead Plaintiffs are typical of the claims of the Classes; iv) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and v) the parties opposing the Classes have acted or refused to act on grounds generally applicable to the Classes, making appropriate final relief with respect to the class as a whole.

6. Pursuant to Fed. R. Civ. P. 23, the Court appointed the Ord Group Lead Plaintiff of the QRC Class and the Barretti Group Lead Plaintiff of the QELP Class. The Court also approved the selection of Federman & Sherwood as lead counsel for the QELP Class and the selection of the Rosen Law Firm, P.A. as lead counsel for the QRC Class.

**Settlement and Notice**

7. The Parties have resolved the Actions in good faith following arm's length bargaining with the assistance of Ret. Federal Judge Layne R. Phillips serving as mediator.

8. The Settlement is approved as fair, reasonable and adequate, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation of Settlement. Any Objections of Class Members to the Settlement are overruled.

9. Notice of the proposed Settlement of class action and related matters, including Notice of the November 29, 2010 Final Hearing, was mailed to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

**Derivative Litigation**

10. The Settlement is contingent upon dismissal with prejudice of all Actions, including the *Stephens* Litigation, the *Enders* Litigation and also the Consolidated

Derivative Litigation.[1]  This Final Order contains a dismissal with prejudice of the *Stephens* Litigation and the *Enders* Litigation, which are before this Court, at paragraph 14.  Upon entry of the Final Order, Quest, with the cooperation of all Defendants and Derivative Counsel, will move to dismiss the Consolidated Derivative Litigation.

      11.    Derivative Counsel proposed, and the PostRock board of directors approved, the Corporate Governance Reforms attached to the Stipulation at Exhibit F in material consideration for a full release and dismissal with prejudice of all pending derivative matters against PostRock, its predecessors Quest Resource, Quest Energy Partners L.P., Quest Energy G.P. LLC, and Quest Midstream Partners, L.P, its current and former officers, directors, employees, attorneys and auditors, and all defendants named in the *Stephens* Litigation.  The Corporate Governance Reforms have been submitted to the Court, and the proposed settlement is deemed fair and reasonable pursuant to Fed. R. Civ. P. 23.1(c).

      12.    This Final Order provides for settlement of the *Stephens* Litigation, in which James Stephens purports to bring derivative claims on behalf of one or more Quest entities.  This Final Order shall be binding on all other shareholders and/or unit holders purporting to represent any Quest entity (including Plaintiffs in the *Enders* Litigation and Consolidated Derivative Litigation) in bringing any Plaintiffs' Claims, including claims

---

[1] Multiple shareholder derivative lawsuits were filed in Oklahoma state court, and were consolidated into one suit captioned *In re Quest Resource Corporation Shareholder Derivative Litigation*, Case No. CJ-2008-9042 pending in the District Court of Oklahoma County.  This action is referred to herein as the Consolidated Derivative Litigation.

based on the facts alleged in the complaints filed by the Plaintiffs in the *Stephens* Litigation, the *Enders* Litigation or the Consolidated Derivative Litigation.

13.  Pursuant to paragraph 15 of this Order, all Class Members, shareholders and any party purporting to represent the derivative interests of any defendant are enjoined from asserting any of the Released Claims in any action or proceeding.  Any Party may file the Stipulation and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**Dismissal**

14.  The complaints filed in the *Stephens* Litigation, *Enders* Litigation, *Bristol Capital* Litigation, *Emerson* Litigation, *Friedman* Litigation, and *Jents* Litigation are hereby dismissed with prejudice and without costs.

**Release and Injunction**

15.  On the Effective Date, the Plaintiffs and each Class Member, on behalf of themselves, their successors and assigns, and any other person claiming (now or in the future) through or on behalf of them, shall be deemed to have and by operation of this Final Order shall have:  (i) fully, finally and forever released, relinquished, remised and discharged the Released Parties from the Plaintiffs' Claims and covenanted not to threaten, demand, or sue the Released Parties or any of them regarding any action or proceeding of any nature with respect to the Plaintiffs' Claims; and (ii) consented to be and are forever enjoined and barred from asserting the Plaintiffs' Claims against the

Released Parties or any of them in any action or proceeding of any nature; but (iii) (1) a member of the Class who purchased shares of Quest Resource common stock during the QRC Class Period who excludes him/her/itself from the QRC Class, but who is also a member of the Class who purchased Quest Energy common units during the QELP Class Period and who does not exclude him/her/itself from the QELP Class does not release the Released Parties from any Released Claims that arose from his/her/its purchase or sale of shares of Quest Resource common stock during the QRC Class Period; and (2) a member of the Class who purchased Quest Energy common units during the QELP Class Period who excludes him/her/itself from the QELP Class, but who is also a member of the Class who purchased shares of Quest Resource common stock during the QRC Class Period and who does not exclude him/her/itself from the QRC Class does not release the Released Parties from any Released Claims that arose from his/her/its purchase or sale of Quest Energy common units during the QELP Class Period.  With respect to Plaintiffs and Class Members, the foregoing applies regardless of whether any such Class Members ever seek or obtain any distribution from the Net Settlement Fund; whether such Class Members executed and delivered a Proof of Claim; whether such Class Members filed an objection to the Settlement or to their claim being rejected as provided in this Stipulation, the proposed Plan of Allocation, any application by Plaintiffs' Counsel for an award of Attorneys' Fees and Costs, and any Plaintiff Expense Awards; and whether the claims of such Class Members have been approved or allowed or such objection has been overruled by the Court.

16. On the Effective Date, the Defendants, on behalf of themselves, their successors and assigns, and any other person claiming (now or in the future) through or on behalf of them, shall be deemed to have and by operation of this Final Order shall have (i) fully, finally and forever released, relinquished, remised and discharged the Released Parties from the Defendants' Claims and covenanted not to threaten, demand, or sue the Released Parties or any of them regarding any action or proceeding of any nature with respect to the Defendants' Claims; and (ii) consented to be and are forever enjoined and barred from asserting the Defendants' Claims against the Released Parties or any of them in any action or proceeding of any nature.

17. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77k(f)(2)(A) and 15 U.S.C. §77z-1, and other statutory or common law rights, the Released Parties, and each of them, will, on the Effective Date, be fully, finally and forever released and discharged from all claims for contribution, indemnity or other federal or state law causes of action that have been brought or may be brought by any person based upon, relating to, arising out of, or in connection with the matters alleged in the Actions.

18. On the Effective Date, Quest, the Auditors and their counsel shall release claims as set forth in Exhibit G of the Stipulation of Settlement.

19. The Settling Parties, with respect to any and all claims they are respectively releasing, upon the Effective Date, are deemed to have, and by operation of this Final Order shall have, expressly waived the provisions, rights and benefits of any statute, rule

or provision which prohibits the release of Unknown Claims, including California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

20. A Settling Party may hereafter discover facts in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the claims being released herein. Nevertheless, upon the Effective Date, the Settling Parties shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled and released any and all claims released herein, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore may have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is alleged to be negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

21. It is the intention of the Parties that these releases shall provide complete peace to the Parties related to the Actions.

**Limitations**

22. Neither this Order and Final Judgment, the Stipulation of Settlement, nor any of its terms and provisions, or any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein:

   a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Parties;

   b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

   c. shall constitute an adjudication or finding on the merits as to the claims of any Party and shall not be deemed to be, intended to be or construed as an admission of liability, in any way on the part of any Party or any evidence of the truth of any fact alleged or the validity of any claims that have been or could be asserted in the Actions.  All Parties expressly deny any liability for any and all claims of any nature whatsoever; nor shall anything herein contained constitute an acknowledgment of fact, allegation or claim that has been or could have been made, nor shall any third party derive any benefit whatsoever from the statements made in the Stipulation of Settlement; nor

   d. shall be construed against Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.  Any Party or Class Member may file the

Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counter claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including the Consolidated Derivative Litigation.

**Allocation and Attorneys' Fees/Costs**

23.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.  Any Objections to the Plan of Allocation filed by Class Members are overruled.

24.     Settling Plaintiffs' Counsel are hereby awarded one-third of the Settlement Fund in fees ("Fees"), which the Court finds to be fair and reasonable.  The expenses of Settling Plaintiffs' Counsel shall be reimbursed out of the Settlement Fund in the amount of $138,585.16   Attorneys' Fees and Expenses and Costs shall be paid to Class Counsel from the Settlement Fund, with interest from the date(s) of deposit of the Settlement Amount in Signature Bank, to the date of payment at the same rate that the Settlement Fund earns. These amounts are to be paid pursuant to the procedure set forth in the Stipulation of Settlement after the Effective Date. The award of Attorneys' Fees and Costs shall be allocated among Settling Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Class Counsel, fairly compensates Settling Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.  Any

15

Objections to the award of Attorneys' Fees and Costs to Settling Plaintiffs' Counsel are overruled.

25.  Lead Class Plaintiffs and Derivative Plaintiffs, James Stephens and Luke Renken, having petitioned the Court for an incentive fee award and reimbursement for lost time in connection with their prosecution of this action, are each awarded $1,000.

26.  In making this award of attorneys' fees and reimbursement of expenses and an award to Lead and Derivative Plaintiffs to be paid from the Settlement Fund, the Court has considered and found that:

    a.  the Settlement has created a fund of $9,090,000 in cash, plus interest to be earned thereon, and Class members who file timely and valid claims will benefit from the Settlement created by Settling Plaintiffs' Counsel;

    b.  over 46,000 copies of the Notice were disseminated to putative class members indicating that at the Final Hearing, Settling Plaintiffs Counsel intended to seek a fee of up to one-third of the Settlement Fund in attorneys' fees and to seek reimbursement of their litigation expenses in an amount not to exceed $350,000.00, and the Summary Notice was published in *The Wall Street Journal* and over the *PR Newswire* as required by the Court, and no objection was filed against either the terms of the proposed Settlement or the ceiling on fees and expenses to be requested by Lead Counsel;

    c.  Settling Plaintiffs' Counsel have conducted this litigation and achieved the Settlement;

      d.      The litigation of the Action involved complex factual and legal issues and was actively prosecuted since its filing on and in the absence of a Settlement, the Actions would have continued to involve complex factual and legal questions;

      e.      If Settling Plaintiffs Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery;

      f.      Lead Plaintiffs' Counsel have devoted 3,455.2 hours, with a lodestar value of $1,843,558.25 to achieve the Settlement; and

      g.      The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund and the awards to Lead and Derivative Plaintiffs are consistent with the awards in similar cases.

**<u>Miscellaneous</u>**

27.      The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. The Parties agree not to make any public statements that contradict this finding.

28.      Exclusive jurisdiction is hereby retained over the administration, interpretation, effectuation or enforcement of the Stipulation of Settlement and this Order and Final Judgment, and including the Fees and Costs Application or any other application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members, and including any individual objections by Claimants to the rejection of their claim or to the Allocation of the Net Settlement Fund.

29. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

30. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Oklahoma City, Oklahoma on this the 29th day of November, 2010.

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE